[Civil No. 2385. Filed November 21, 1925.]

[240 Pac. 1033.]

# WISTER V. STANLEY, Appellant, v. MABEL G. STANLEY McKENZIE, Appellee.

1. JUDGMENT—IN ACTION BY DIVORCED WIFE TO SET ASIDE CONTRACT AND DEED FOR FRAUD AND DURESS, JUDGMENT AWARDING HER MONEY JUDGMENT, BUT NOT ANNULLING INSTRUMENTS, HELD VOID. Where wife, prior to divorce, contracted with husband relative to custody of child, and executed deed of community property to husband, and after divorce instituted action to annul contract and deed for fraud, a judgment awarding plaintiff money damages and directing defendant to pay plaintiff support money for child was void, as without the issues.

2. DIVORCE — DECREE MUST CONTAIN PROVISIONS AS TO ALIMONY OR CUSTODY OF CHILDREN TO GIVE COURT JURISDICTION TO MODIFY IT. Where divorce decree contained no provisions as to alimony or custody of children, a suit to modify the decree thereafter cannot be had, for such provisions are necessary to give court. jurisdiction to modify decree, within Civil Code of 1913, paragraph 3872.

3. DIVORCE — PROCEEDINGS TO DETERMINE CUSTODY OF CHILDREN AND SUPPORT ON DISSOLUTION OF MARITAL RELATIONS STATED.—Though guardianship, adoption and juvenile court proceedings may be used to invoke jurisdiction of court to determine custody of children under certain conditions, they may not be so used on a dissolution of the marital relation, but custody should be disposed of in divorce proceeding; and in suit by divorced wife to annul contract for custody and support, entered into prior to divorce, the court had no jurisdiction to award custody and support.

4. DIVORCE—COURT MAY MODIFY ITS JUDGMENT IN DIVORCE ACTION WITHIN SIX MONTHS OF ITS RENDITION.—Court may, under Civil Code of 1913, paragraph 600, modify its judgment in a divorce action, as in other actions, within six months after its rendition.

See (1) 33 *C. J.*, p. 1152.   (2) 19 *C. J.*, pp. 271 (Anno.), 350 (Anno.).   (3) *19 C. J.*, p. 341 (Anno.).   (4) *19 C. J.*, p. 350 (Anno.).

1.  Effect of divorce on community property in absence of adjudication, see note in 11 L. R. A. (N. S.) 103.

2.  See 9 R. C. L. 439.

APPEAL from a judgment of the Superior Court of the County of Navajo.  J. E. Crosby, Judge.  Reversed and remanded.

Messrs. Crosby & Sawyer, for Appellant.

Mr. John L. Sweeney, for Appellee.

McALISTER, C. J.—On July 11, 1924, and upon the complaint of Wister V. Stanley, a decree dissolving the bonds of matrimony existing between him and Mabel G. Stanley on the ground of cruelty was entered by the superior court of Navajo county.  The decree was silent as to the community property, alimony and the custody of the two minor children, Lawrence, a son, fourteen years of age, and Leah, a daughter, nine.  Just previous to the separation and divorce, however, and in contemplation thereof, the parties entered into a written agreement by which the father was given the custody of the son and the mother the daughter, and on the following day, to wit, July first, the mother executed a deed in which she conveyed to the father, for a consideration of one dollar her interest in the community property, consisting of a house and lot in the town of Winslow valued at $3,500 or $4,000.

Soon after the divorce decree was entered, Mabel G. Stanley married one Arthur McKenzie, and within a few days thereafter, to wit, on July 29, 1924, instituted this action for the purpose of obtaining the following relief: The annulment of the said contract and deed, upon the ground that she was induced to sign them by means of fraud and duress; that she be awarded one-half of the community property and the custody of the two children, and that during their minority appellant be required to pay her sixty dollars a month for their maintenance and support.  The

29 Ariz.—19

court made no order annulling the deed and contract, but entered this judgment: That Wister V. Stanley pay Mabel G. Stanley the sum of $1,000; that she have the custody of the daughter, Leah; and that Wister V. Stanley pay her the sum of twenty dollars a month toward the support of the daughter during her minority. It is from this judgment the defendant appeals.

The divorce was based upon cruelty, but the true reason for the separation was the intimate relations existing between appellee and Arthur McKenzie; the record disclosing that they were frequently together, both at her house and elsewhere, through a period of several years, while appellant, who was a brakeman on the Santa Fe Railroad, was on his run between Winslow and Williams. These relations became known to appellant in June, 1924, while appellee was in Kansas visiting relatives, and immediately thereafter he wrote her not to return to Winslow, as they could live together no longer; but she did return without delay, and remained there a few days, during which time the deed and contract in question were executed. The testimony as to the manner in which her signature to these instruments was secured covers a number of pages, but, inasmuch as the judgment entered discloses that the issue raised thereby was not determined, it would serve no purpose to state it here.

A number of errors are assigned, but in our view the determination of one of them, namely, that the judgment is outside of the issues made by the pleadings and proof, disposes of the case. The first and principal issue to be determined was whether appellee was induced through the fraud and duress of appellant to execute the deed and contract in question, and the record discloses that, regardless of what the court thought relative thereto, it was not determined,

for under the judgment rendered the deed remained in full force and effect, and the house and lot continued to be the property of appellant. The fact that appellee was given judgment in the sum of $1,000, and that in addition thereto appellant was directed to pay her twenty dollars a month for the support of the daughter, did not have the effect of setting aside either the deed or the contract, and under the issue made by the pleadings and proof, relative to the conveyance of the property, no other order could have been entered. If the court believed, as it evidently did, that the fraud and duress of appellant induced appellee to execute the deed, it should have declared that instrument null and void, and from that time on the property conveyed by it would have been the common property of the former spouses, that is they would have held it as tenants in common, for, though the deed was ineffective, setting it aside would not have restored the property to its former status as community property, since the community itself no longer existed, and the decree dissolving the marriage omitted all reference to it. Such was the holding of this court in *Le Baron* v. *Le Baron,* 23 Ariz. 560, 205 Pac. 910, as the following language will disclose:

"The complaint and decree in the divorce action were silent concerning the community property, or its disposition. In a suit for divorce, 'when there is no allegation as to the community property and no decree or judgment on the point, the decided weight of authority is that the former spouses hold the property as tenants in common, subject of course to the payment of the debts of the marital partnership.' McKay on Community Property, § 413, and cases cited; *Ambrose* v. *Moore,* 46 Wash. 463, 11 L. R. A. (N. S.) 103, and annotations, 90 Pac. 588. Following the authorities cited, we hold that the decree of divorce changed the tenancy of the parties from that

of equal owners of the community estate (*La Tour-ette* v. *La Tourette,* 15 Ariz. 200, Ann. Cas. 1915B, 70, 137 Pac. 426), to that of equal owners as tenants in common in the property.''

Upon determining that the deed was of no effect, the court, if the allegations had justified it, could perhaps have directed a partition of the property under the statutes; but the complaint was framed upon the theory that the deed was void and the property still community property, notwithstanding the fact that the decree of divorce, which this case in no way even attempted to affect, had dissolved the community. The purpose of this suit is, not to modify the decree in that case, but to obtain relief from conditions not even mentioned or considered there; if such were its aim, however, the cause would necessarily fail, because that decree contained no provision regarding alimony or the custody of the children, and unless it made provision as to one or the other there would be nothing to modify, and therefore nothing to give the court jurisdiction, under the provisions of paragraph 3872, Revised Statutes of 1913, reading as follows:

''The court may from time to time after the entry of final decree, on petition of either of the parties, amend, revise and alter such portions of the decree as relate to the payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be deemed just, and may at any time or from time to time after the entry of final decree amend, change or alter any provision therein respecting the care, custody or maintenance of the children of the parties as the circumstances of the parents and the welfare of the children may require.''

Alimony and the custody of children are incidents of a divorce proceeding and should be disposed of therein (*Le Baron* v. *Le Baron, supra*), though guardianship, adoption and juvenile court proceedings may

be used to invoke the jurisdiction of the court, to determine the custody of children under certain conditions, but never upon a dissolution of the marital relations. If a reason exists therefor, the court could, under the provisions of paragraph 600, Revised Statutes of 1913, modify its judgment in a divorce action, the same as in any other, within six months from the time of its rendition.

It is clear, therefore, that the judgment for appellee in the sum of one thousand dollars is outside the issues made by the pleadings and proof, and that the court had no jurisdiction in this action to decree that appellee have the custody of the daughter and twenty dollars a month from appellant for her support.

The judgment of the lower court is reversed and the case remanded, with directions that any further proceedings had therein be in accordance with the views herein expressed.

ROSS and LOCKWOOD, JJ., concur.