[Civil No. 3130. Filed December 14, 1931.]

[5 Pac. (2d) 1047.]

PHYLLIS GILMAN LONG, Appellant, v. JOHN R. C. LONG, Jr., Appellee.

Messrs. Baker & Whitney, Mr. Lawrence L. Howe, and Mr. H. S. McCluskey, for Appellant.

Mr. Amos A. Betts and Mr. Herman Lewkowitz, for Appellee.

LOCKWOOD, J. — Phyllis Gilman Long, hereinafter called plaintiff, was married to defendant John R. C. Long, Jr., hereinafter called defendant, on March 27, 1928. On June 21, 1929, a daughter, Lenore Long, was born to the parties, and on May 20, 1930, plaintiff filed a complaint for a divorce in the superior court of Maricopa county. On June 9th, the decree was granted, and plaintiff awarded the custody of the child, together with $25 per month for its support and maintenance, subject to rights of visitation twice a week during reasonable hours by defendant. No request was made by plaintiff for either permanent or temporary alimony, except for her care during an existing pregnancy and probable accouchement, and no order was made allowing her alimony in any amount.

Some two weeks after the divorce was granted, plaintiff went with her mother to Los Angeles, California, for the summer, as had been her custom for some years. On December 5, 1930, a second daughter, Liane Long, was born, and in February, 1931, plaintiff returned to Phoenix with her mother and the two children. Defendant was informed of the birth of the second child shortly after it occurred, and, after plaintiff returned to Phoenix, he saw both her and the children once, but separately.

On February 20, 1931, defendant filed a petition in the divorce proceedings, praying that plaintiff be prohibited from removing the minor children from the jurisdiction of the court except for the summer months, and not to exceed a reasonable distance from

Arizona, and in no case beyond the United States. Plaintiff filed a cross-petition, praying for alimony for herself in the sum of $125 per month, for $75 per month for the support of the minor children, and for $374.15, being the physician and hospital expenses incurred in the birth of the second child, with a reasonable attorney's fee. The matter was heard and findings of fact made which read, so far as is pertinent, as follows:

"That soon after the granting of said decree, said plaintiff, Phyllis Long, removed the said Lenore Long without the jurisdiction of this Court, to-wit, to the State of California, and continued to remain with said child therein for a period of approximately seven months, during which time said second child was born; and that the plaintiff thereby prohibited said defendant, John R. C. Long, Jr., from exercising said visitorial rights; that the said Phyllis Long is contemplating again removing each of said children from the jurisdiction of this court; and the Court further finds that it will not be injurious to the welfare of said children to permit the defendant, John R. C. Long, Jr., to have and exercise visitorial rights, and that said John R. C. Long, Jr., is a fit and proper person to have the custody of said children at reasonable and seasonable hours; and the Court further finds that said decree contained no provision for the support and maintenance of the plaintiff, Phyllis Long; and the Court further finds that said decree contained no provision for the support and maintenance of said last born child, and that the defendant has voluntarily contributed to its support the sum of Fifteen Dollars per month since the time of its birth; and that the defendant has voluntarily procured life insurance in the sum of Twenty-Seven Thousand Dollars, payable to said children, and the Court further finds that it is to the best interest and welfare of said children that they be retained within the jurisdiction of this Court; and the Court further finds that by reason of the action of the plaintiff, Phyllis Long, to-wit, in the removal of said child, Lenore Long, from the jurisdiction of this Court, and by her fur-

ther acts in keeping said child out of the jurisdiction of this Court for a period of approximately seven months she caused the defendant, John R. C. Long, Jr., to file in this Court his petition for an order to show cause. . . ."

Upon such findings, the court ordered that the decree be amended, requiring defendant to pay $50 per month for the support of the children, and that he be given visitorial rights and permitted to take them into his custody each Sunday afternoon during certain hours, and that the plaintiff be required to keep the children within the jurisdiction of the court and not to remove them without further order of the court. From said order, plaintiff has appealed.

There are some eight assignments of error, which may be summed up in two legal propositions: (1) That the court was without jurisdiction to make the order; and (2) that it was an abuse of discretion. We consider these two legal propositions in their order.

So far as jurisdiction is concerned, we think the matter is covered by section 2188, Revised Code of 1928, which reads as follows:

"The court may from time to time after the entry of final decree, on petition of either party, amend, revise and alter such portions of the decree as relate to the payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be just, and amend, change or alter any provision therein respecting the care, custody or maintenance of the children of the parties as the circumstances of the parents and the welfare of the children may require."

The jurisdiction given by this section, however, does not apply when the original decree of divorce contains no provision regarding alimony or the custody of the children. *Stanley* v. *McKenzie,* 29 Ariz. 288, 240 Pac. 1033. Since the original decree con-

tained no provision regarding alimony for plaintiff, the court was without jurisdiction to grant her petition for alimony in the present proceeding. The decree, however, expressly provided for the maintenance and custody of the minor child then living, and of course could be amended so far as that child was concerned. Since the other child was not born at the time of the divorce, obviously no decree could then be made affecting it. We think, however, the spirit of the statute is such that the original decree regarding the living child would give jurisdiction to the court to amend the decree so as to include the subsequently born one.

Counsel for plaintiff discuss with great earnestness the effect of section 3859, Revised Code of 1928, and urge that, since six months have elapsed since the rendering of the decree, the court has lost jurisdiction to modify it. Were section 3859, *supra,* the only provision in the Code on which jurisdiction to modify a decree could be based, the point would be well taken. This section, however, applies to judgments of any nature, while section 2188, *supra,* applies expressly to divorce proceedings, and only to specific portions of the decree even in such proceedings. We think that so far as the particular portions of the decree mentioned in section 2188, *supra,* are concerned, the court is not limited by the provisions of section 3859. We are therefore of the opinion that the order made was within the jurisdiction of the trial court.

We come next to the more difficult question as to whether it was an abuse of discretion. We have carefully examined the entire transcript of evidence and find therein the usual conflict in the testimony in cases of this kind; each party blaming the other for conduct which led to the dissolution of the marriage relation. It further appears that after the divorce proceedings the parties continued their mutual

recriminations. Under the circumstances of this case, it is peculiarly a matter for the discretion of the trial court as to whom he shall believe, and what disposition shall be made of the children. The mother insists that the father does not really care for his children, and that the whole proceeding is based merely upon a desire to annoy her. If her testimony is to be believed in its entirety, there is some ground for this position. The father, on the other hand, claims that he is devoted to his children, and has made every reasonable effort to provide for them and visit them, but that he has been prevented through the conduct of the mother. Again, if we believe that he has correctly represented the entire situation, there is ground for such an allegation. The record also suggests most strongly it is possible that, had the parties to this action been orphans at the time of their marriage, the divorce might never have occurred. Be these things as they may, under the well-known rule of this court, we cannot say affirmatively on a record like this that the trial court was so far in error in its order that it amounted to an abuse of judicial discretion.

The order retaining the children within the jurisdiction of the court is expressly worded so that should it be necessary for their welfare that they be removed during the summer months, plaintiff undoubtedly may secure an order permitting such removal upon proper conditions. Should it be denied, she may bring such denial before us for review.

Plaintiff further urges that the court made no findings upon her cross-petition for suit money, and the expenses of her accouchement. The effect of the judgment is a finding against plaintiff upon these points. These matters at all events are discretionary with the trial court, and not a matter of right on the part of the wife. Sections 2186 and 2188, Rev. Code 1928. It appears affirmatively in the record

that the plaintiff owns in her own right an estate of over twenty thousand dollars, and that the defendant has no property except some recently acquired insurance policies, and is dependent entirely upon his own exertions for support. Under these circumstances, while the court had jurisdiction to allow the sums alleged to have been expended during the accouchement of plaintiff as being in effect for the maintenance of the second child, and also a reasonable attorney's fee, we cannot say affirmatively that it was an abuse of discretion to deny it.

For the foregoing reasons, the order of the superior court of Maricopa county is affirmed.

McALISTER, C. J., and ROSS, J., concur.