Melville H. Haskell, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 105620. Promulgated March 11, 1942.

*E. W. LeFever, Esq.*, and *M. J. Reigert, Esq.*, for the petitioner.
*Thos. F. Callahan, Esq.*, for the respondent.

### OPINION.

Smith: This proceeding involves income tax deficiencies of $732.82 for 1936 and $1,039.42 for 1937.

Petitioner alleges, first, that the respondent erred in including in his gross income for 1936 and 1937 the net income of certain trusts which he created in 1935 for the benefit of his wife and three children pursuant to a predivorce settlement, and, in the alternative, that if the income of the trusts is taxable to him then he is entitled to a personal exemption of $2,500 as head of a family and to the statutory credit for dependents for each of the three children. Petitioner further alleges that respondent erred in disallowing in 1937 the deduction of a loss sustained in a joint venture in conducting a winter racing meet at Tucson, Arizona. Based on these contentions peti-

tioner has asserted a claim for refund of taxes already paid of $9,001.67 for 1936 and $7,269.20 for 1937.

The facts are stipulated.

Petitioner is a resident of Tucson, Arizona, and his principal place of business is at Cleveland, Ohio. He filed his income tax returns for 1936 and 1937 with the collector of internal revenue for the eighteenth district of Ohio.

On August 19, 1935, petitioner and his wife, Katherine Adams Haskell, who at that time were living apart and contemplating a divorce, entered into an agreement, the stated purpose of which was:

\* \* \* settling and adjusting all rights and claims in and to the property of each other and in and to any community property owned by them, and to make provision for the care and support of their children, Coburn Haskell, Schuyler Adams Haskell and Melville H. Haskell, Jr.

Under the terms of this agreement petitioner agreed to transfer outright to his wife certain stocks and bonds and in addition to create four separate trusts, one for the benefit of the wife for life and one each for the benefit of their three minor children, 11, 7, and 5 years of age, respectively. The agreement provides in paragraphs 7 and 8 that:

7. Except as herein otherwise provided each of the parties hereto releases and discharges the other from all obligations of support and maintenance and from all other claims, rights and duties arising out of the marital relationship.

8. It is the understanding and intent of the parties hereto that the settlement herein set forth and provided for is and shall be a full and final settlement and adjustment of all the rights and claims of each party in and to the property of the other and in and to any and all community property.

The four trusts referred to in the agreement of August 19, 1935, were created by separate trust indentures executed by the petitioner on that date. In the trust created for the benefit of Katherine Adams Haskell for life she and the Boston Safe Deposit & Trust Co. were named cotrustees. Katherine Adams Haskell was to receive the income of the trust for life, with remainders over to petitioner's issue or their trustees. In addition, she was to be permitted to withdraw certain amounts of the principal of the trust, upon conditions not here material.

The Superior Court for the State of Arizona for the County of Pima on August 23, 1935, entered a decree granting Katherine Adams Haskell a complete and final divorce from petitioner. The decree of the court reads in part as follows:

And it further appearing that said parties have settled all questions pertaining to property and property rights and to the issue of said marriage, and that said matters are not submitted to or subject to order of this court, It is, therefore,

ORDERED, ADJUDGED AND DECREED, that the marriage heretofore existing between the plaintiff and the defendant be and it is hereby in all things dissolved

and each of the parties freed from all the obligations thereof, and that the plaintiff be and is hereby granted an absolute divorce from the defendant, and both parties be and are hereby restored to the rights and privileges incident to a single status; that plaintiff have and recover her costs herein expended in the sum of $15.00.

This decree has since remained in full force and effect without any amendment or alteration.

Katherine Adams Haskell was remarried to Edward Stewart Hall at some time during the period November 19, 1936, to December 19, 1936.

All of the net income of the Katherine Adams Haskell trust for 1936 and 1937 in the respective amounts of $9,424.25 and $9,020.69 was distributed or credited to her in those years. Petitioner reported those amounts in his gross income in his 1936 and 1937 returns.

In the written stipulation filed by the parties at the hearing of this proceeding the respondent concedes that petitioner is entitled to a credit in 1936 and 1937 of $400 for each of his three dependent minor children, and petitioner concedes the correctness of all of the other adjustments made by the respondent except the inclusion in his gross income of the income from the Katherine Adams Haskell trust. Whether this income is taxable to the petitioner in 1936 and 1937 is therefore the only question remaining for our determination.

The United States Supreme Court has laid down the rule that the liability for income tax on the income of trusts of the character of the one here involved depends upon whether there is any continuing liability of the grantor, either contractual or imposed by state law, to contribute to the support of the divorced wife to whom the income of the trust is paid. *Douglas* v. *Willcuts*, 296 U. S. 1; *Helvering* v. *Fitch*, 309 U. S. 149; *Helvering* v. *Fuller*, 310 U. S. 69; *Helvering* v. *Leonard*, 105 Fed. (2d) 900. It is plain that no such liability on the petitioner's part is to be read into the settlement agreement or the provisions of the trust indenture. The settlement agreement was, as stated by its terms, a complete "full and final settlement" of all property rights and a release of the parties from all obligations and claims arising out of the marital relationship. The petitioner agreed to convey a portion of his estate to his wife outright and to create separate trusts for her and their three minor children. The trust which petitioner created for the benefit of his wife imposes no future obligations upon him in respect of the wife's support. The wife is to receive all of the income of the trust for life to use in any manner she sees fit and there is no guaranty of income by the petitioner. Cf. *Helvering* v. *Leonard, supra*. The creation of these trusts and the fulfillment of the other terms of the settlement agreement were understood to be in complete discharge of all of petitioner's marital obligations to his wife.

Neither do the laws of the State of Arizona place any further or continuing obligation upon the petitioner to contribute to his divorced wife's support by way of alimony payments or otherwise. The divorce decree makes no award of alimony and expressly states that no question of property or property rights was "submitted to or subject to order of this court." The court did not incorporate the settlement agreement in its decree or exercise any jurisdiction over it.

Section 27–805 of the Arizona statutes (2 Arizona Code Ann. (1939 Off. Ed.) 481) provides that on entering a decree of divorce the court "shall order such division of the property of the parties as the court shall deem just and right according to the rights of each party and their children." Sections 27–810 and 27–811 provide in part as follows:

§ 27–810. In the final decree of divorce the court may, in addition to the division of the common property of the parties, or in lieu thereof, direct the husband to pay to the wife such amounts as may be necessary for the support and maintenance of the wife, and the minor children of the parties whose custody may be awarded the wife, as may be necessary or proper * * *.

§ 27–811. The court may from time to time after the entry of final decree, on petition of either party, amend, revise and alter such portions of the decree as relate to the payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be just, and amend, change or alter any provision therein respecting the care, custody or maintenance of the children of the parties as the circumstances of the parents and the welfare of the children may require.

Under the above provisions of the Arizona statute the only power which the court retains, after entering a final decree of divorce is to "amend, revise and alter such portions of the decree as relate to the payment of money for the support and maintenance of the wife" or to the "care, custody or maintenance of the children." The decree which the court awarded to petitioner's wife did not contain any award of alimony or make any provision for the support and maintenance of the wife. To the contrary, it expressly stated that such matters were not submitted to or subject to the order of the court.

The Supreme Court of the State of Arizona has construed section 27–811 (sec. 2188, Revised Code Arizona, 1928) as conferring no jurisdiction upon the court to make an alimony allowance where none was made in the original decree. *Stanley* v. *McKenzie*, 29 Ariz. 288; 240 Pac. 1033; *Long* v. *Long*, 39 Ariz. 271; 5 Pac. (2d) 1047. In the last named case the court said:

The jurisdiction given by this section, however, does not apply when the original decree of divorce contains no provision regarding alimony or the custody of the children. *Stanley* v. *McKenzie*, 29 Ariz. 288; 240 P. 1033. Since the original decree contained no provision regarding alimony for plaintiff, the court was without jurisdiction to grant her petition for alimony in the present proceeding. The decree, however, expressly provided for the maintenance and

custody of the minor children then living, and of course could be amended so far as that child was concerned. * * *

The provisions of the Arizona statutes relating to the matter in question are similar to those of the State of Connecticut which were under consideration by the United States Circuit Court of Appeals for the Ninth Circuit in *Ingraham* v. *Commissioner*, 119 Fed. (2d) 223. The court there said:

* * * We do not find in the statute which creates in the court the right to grant alimony any provision that the court retains jurisdiction over the parties to exercise that discretion after the divorce proceeding is terminated by a final decree.

The court further said that this conclusion was in harmony with the construction placed upon substantially similar statutory provisions by the courts of a number of other states, including Michigan, Oregon, Wisconsin, Maine, South Dakota, and Iowa.

We conclude that under the laws of the State of Arizona petitioner was under no continuing obligation to support his divorced wife and that petitioner has no tax liability in respect to the trust income that was payable to her for her own use. See *Helvering* v. *Fuller*, *supra;* *F. W. Fitch*, 43 B. T. A. 773; *Arthur Letts, Jr.*, 41 B. T. A. 1172.

The petitioner would be taxable, however, on any of the income of the trust which was intended to be used and was used for the support of the minor children. *Helvering* v. *Schweitzer*, 296 U. S. 551; *Ernestine Mitchell*, 38 B. T. A. 1336; *Arthur Letts, Jr.*, *supra;* *William H. Stanley*, 41 B. T. A. 1233; *Reginald B. Parsons*, 44 B. T. A. 1142. Petitioner does not deny his liability to support the children and, accordingly, he concedes in the written stipulation referred to above that he is taxable on all of the income of the three trusts which he created for the benefit of his children.

It is plain, we think, that none of the income of the wife's trust was intended for the support of the children, but was all to be paid to her for her own and separate use. In the absence of any contention or evidence to the contrary, we shall presume that the income of the trusts created for the children was sufficient for their needs. It is of record that additional trusts had already been created for the children by petitioner's mother.

The respondent has not filed a brief in this case and we have nothing to indicate his position on the matters under consideration except the statement contained in his deficiency notice that the income of the several trusts is taxable to petitioner under the provisions of sections 166 and 167 of the Revenue Act of 1936. These sections provide for taxing trust income to the grantor where he has the power to revest in himself title to any of the corpus of the trust (sec. 166), or when the income of the trust, in the discretion of the grantor or any one

not having an adverse interest in the trust, is distributable to the grantor, or may be held for future distribution to the grantor, or applied to the payment of premiums upon insurance policies on the life of the grantor (sec. 167).

It goes without argument that neither of these sections applies to the trust here under consideration. Petitioner had no power to revest in himself title to any portion of the corpus of the trust, nor was he to receive any of the income either directly or indirectly. See *Reginald B. Parsons, supra.* Neither can it be said that the trust was without substance so that petitioner may be taxed on the income under the doctrine of *Helvering* v. *Clifford,* 309 U. S. 331. See *Walter S. Halliwell,* 44 B. T. A. 740.

*Decision will be entered under Rule 50.*