William McLauchlan, II v. Commissioner.
McLauchlan v. Commissioner
Docket No. 107677.
United States Tax Court
1942 Tax Ct. Memo LEXIS 117; 1 T.C.M. (CCH) 3; T.C.M. (RIA) 42565; October 24, 1942
*117 Edmund Durkin, Jr., Esq., for the petitioner. Walter W. Kerr, Esq., for the respondent. HILL Memorandum Opinion HILL, J.: The Commissioner determined a deficiency of $392.93 for the calendar year 1937. Petitioner claims an overpayment in the amount of $1,459.11. The issues presented are (1) whether the income of a trust is taxable to petitioner, and (2) whether petitioner is taxable upon money distributed to his wife in accordance with a separation agreement. A trust was created for the support of petitioner's minor son and only that portion of the income accumulated and not used for the son's support is in question. The money received by petitioner's wife was distributed from the income of a trust established for petitioner's benefit by his mother. The facts were all stipulated and as stipulated are adopted as our findings of fact. Only those deemed necessary to an understanding of the issues will be set forth. [The Facts] On March 15, 1938, petitioner filed his income tax return for the year 1937 with the collector of internal revenue at Cleveland, Ohio. On June 5, 1940, petitioner filed a claim for refund in the amount of $1,459.11 with the collector of internal revenue *118 at Cleveland. On January 23, 1930, the mother of petitioner created a trust known as the Edith W. McLauchlan Trust. That trust provided that the income was to be distributed to the grantor until her death and thereafter the corpus was to be divided into two equal shares, one for petitioner and the other for his sister. We are concerned only with petitioner's portion of the trust and all reference to the Edith W. McLauchlan Trust shall be to petitioner's share. The trustee was to distribute to petitioner until he reached 24 years of age the amount. of $3,000 per year and as much additional as necessary for petitioner's support. After attaining the age of 24, petitioner was to receive the entire net income. Upon reaching the age of 40, petitioner was to receive a distribution of one-half of the corpus. If petitioner died he had the right to appoint the corpus and in the default of such appointment it was to be distributed to his living issue. In default of issue certain other provisions for distribution were made. On January 15, 1931, petitioner married Roxane Reynal McLauchlan and on July 4, 1932, a son, Jay Chandler McLauchlan, was born of this marriage. Petitioner's mother died *119 October 15, 1932. In October 1933 petitioner and his wife separated. In contemplation of divorce they entered into a separation agreement which provided that both parties desired to settle all claims for alimony, support and division of property rights. The custody of the child was given to the wife with the duty of support being imposed upon petitioner. In order to support the child petitioner was to execute an assignment of all right, title and interest in $100,000 par value of notes of The Mather Iron Company held in the trust corpus of the Edith W. McLauchlan Trust. Out of the income the trustee was to pay petitioner's wife $300 a month for the support of the child. In his will petitioner was to exercise his power of appointment of the corpus in favor of the trust for the son. Income over the amount of $3,600 a year was to be accumulated for further distribution to the son, provided however, that the additional income could be used if necessary for the son's support during his minority. Petitioner's wife agreed that she would make no other claim for support, maintenance or education of the son other than the enforcement of the agreement. For the support of his wife, petitioner *120 agreed as follows: Mr. McLauchlan agrees. and does hereby direct Central United National Bank of Cleveland, as Trustee under said trust agreement of Edith W. McLauchlan with said Bank, to pay to Mrs. McLauchlan out of the income payable to him under the terms of said agreement, the sum of Two Hundred Dollars ($200.00) per month, provided, however, that the amount so paid to Mrs. McLauchlan shall not exceed fifty per cent (50%) of the amount of income available from month to month for distribution to Mr. McLauchlan under the terms of said trust agreement * * *. In the event that the amount of income available for monthly distribution to both Mr. and Mrs. McLauchlan, determined as hereinabove provided shall exceed One Thousand Dollars ($1,000.00) per month, the Trustee shall pay to Mrs. McLauchlan on the first of each month twenty-five per cent (25%) of such income, but the total payment made to Mrs. McLauchlan, including the Two Hundred ($200.00) Dollars per month minimum payment, shall not exceed the sum of Five Hundred Dollars ($500.00) per month. * * * * *
After the death of petitioner, his wife was to receive all of the income from $50,000 worth of corpus appointed to such *121 purpose by petitioner in his will. The payments to petitioner's wife, upon her death or remarriage, "shall cease and determine and the entire principal of such fund shall revert to and become a part of the trust estate held for the benefit of Mr. McLauchlan * * *." Petitioner contemporaneously executed the instruments assigning the income and also personal bonds to secure his exercise of the power of appointment in accordance with the provisions of the agreement. Shortly after the execution of the separation agreement, petitioner's wife brought an action for divorce. On December 14, 1933, the court entered a decree granting an absolute divorce to petitioner's wife. That decree provided for a property settlement as follows: It further appearing to the Court that on October 28, 1933 plaintiff and defendant entered into a written agreement as to certain of their property rights and fixing the amount to be paid by the defendant to the plaintiff as and for alimony for her support and for the support of their minor child, Jay Chandler McLauchlan, in which defendant assumes definite obligations with respect to the support. education and maintenance of said minor child, Jay Chandler McLauchlan, *122 and the Court having examined said Agreement, finds the same to be reasonable and hereby adopts the provisions of said Agreement and reserves the right to enforce the same, and in the event of any default of either party in the performance of the provisions of said Agreement, the Court reserves jurisdiction of the cause for the purpose of enforcing the same and likewise in respect to all matters relating to the care and custody of said minor child, Jay Chandler McLauchlan. During the year 1937 the trustee paid to petitioner's wife the sum of $4,840.37. Petitioner included that amount in his gross income for the year 1937. The trustee also paid to petitioner's wife the amount of $3,600 for the support of the son. A balance of $1,267.52, representing income in addition to the $3,600 derived from the $100,000 set aside by the agreement, was accumulated by the trustee and it paid income tax thereon. Petitioner included in his gross income the sum of $3,600 but did not include the sum of $1,267.52. Petitioner did not assign his right to receive income but rather formed a trust out of a part of his equitable and remainder interest in the trust which had been set up by his mother. There *123 was no provision against alienation in the Edith W. McLauchlan Trust instrument. Petitioner was able to make a valid trust for the support of his son of that interest. See Vol. 1, Scott on Trusts, p. 439. Petitioner effectively assigned to the trust set up for his son all right to the income upon the $100,000 worth of Mather notes and he also provided that the notes should become the property of the trust absolutely upon the happening of one of the contingencies by which petitioner was to receive the corpus under the terms of the Edith W. McLauchlan Trust instrument. [Opinion] Petitioner has fully complied with all the terms of the separation agreement in so far as the support of his son is concerned. He admits that he is liable for tax upon the $3,600 distributed in discharge of his continuing obligation to support his son. He questions the respondent's determination that he is also taxable upon the trust income accumulated for future distribution to the child. Petitioner is not taxable upon the income which was accumulated for it did not discharge petitioner of any obligation on his part. Cf. Halbert P. Gillette, 46 B.T.A. 573. The law of *124 Ohio is clear that a separation agreement incorporated into a decree for divorce fixes the rights of the parties and can not thereafter be altered or amended by the court. Henry M. Lucas, 44 B.T.A. 212, and cases there cited. The court did not retain jurisdiction to change its decree, as contended by respondent, but only to enforce the agreement of the parties. The agreement which petitioner and his wife executed did not provide for any continuing obligation on the part of petitioner to support his wife. Petitioner assigned to his wife a portion of the beneficial interest which he had in the trust fund established by his mother. If the share of the income stipulated in the separation agreement decreased to something less than $400 or even nothing, petitioner was under no obligation to supplement it. The distribution of income to petitioner's wife did not satisfy any obligation of the petitioner and, therefore, it is not taxable to him. Melville H. Haskell, 46 B.T.A. 592. Since petitioner included in his gross income the amount distributed to his wife he has overpaid his tax for the calendar year 1937. The amount of that *125 overpayment will be determined in the recomputation. Decision will be entered under Rule 50.