436 P.2d 639

**Pamela Mae VAN POLEN, Appellant,**

v.

**Bruce John VAN POLEN, Appellee.**

**No. 2 CA–CIV 324.**

Court of Appeals of Arizona.

Jan. 31, 1968.

R. Lamar Counser, Tucson, for appellant.

Kosteck, Kimerline and Marvel, by Nelfred G. Kimerline, Tucson, for appellee.

HATHAWAY, Chief Judge.

This is an appeal by Pamela Mae Van Polen, mother of the minor child in question, from an order dated June 17, 1966 of the Superior Court, County of Pima, stating:

"That the parties hereto take the necessary steps forthwith to correct the Cer-

tificate of Birth of the minor child of the parties by causing a supplementary Birth Certificate to issue, setting forth that the father of the child is BRUCE VAN PO-LEN, and that the child's name shall be BRUCE JOHN VAN POLEN, JR."

The appellant and Bruce John Van Po-len, the appellee, were married June 27, 1963 in California. On December 30, 1963 a Decree of Absolute Divorce was entered, awarding the custody of the yet unborn child of the marriage to the appellant and awarding child support of $10 per month, payable by the appellee. On January 1, 1964, the appellant and Carl L. Hogue were married in Idaho. On the following June 30, the appellant gave birth to a male child. The birth certificate read that the father was Carl L. Hogue and that the child was named Carl L. Hogue, Jr.

On April 12, 1966 the appellee petitioned in the superior court of Pima County for an Order to Show Cause why he should not be relieved from the order to pay child support and challenged the paternity of the child. On the following 29th day of April the appellant petitioned for an Order to Show Cause why the appellee should not be held in contempt for arrearages of child support payments and why the appellee should not pay an increased child support of $35 per month. Upon the hearing the court found that the appellant had wrong-fully given information in procuring the birth certificate to the effect that Carl L. Hogue was the father of the child in question and found as a matter of fact that the father was Bruce John Van Polen the ap-pellee. The court then entered its above-quoted order which presents the sole issue on appeal.

The appellant does not contest the lower court's ordering a change in the public record as to the paternity of the child.[1] The appellant does, however, contend that the trial court erred in ordering the two-year-old child's name to be changed to reflect his natural parentage.

The appellee contested his paternity of the child which was found by the court to be his, but he has not filed an answering brief with this court. Since we must deal only with the portion of the order renaming the child after its natural father, Montandon v. Montandon, 242 Cal.App.2d 886, 52 Cal.Rptr. 43 (1966), we must decide whether the appellee's complete lack of interest in this case and his failure to file a brief herein constitutes a confession by him of reversible error in the trial court solely as to the issue raised by the appellant here, i. e., the child's name.

In Nelson v. Nelson, 91 Ariz. 215, 370 P.2d 952 (1962), our Supreme Court held that an appellee's failure to file a brief would constitute a confession of reversible error if the issue raised by the appellant as error is "debatable."

The issue of the child's name was not raised in the pleadings in the lower court. The presumption of the regularity of the proceedings in the lower court, when all the evidence is not before an appellate court, has been held by our Supreme Court to apply "only to the issues raised by the pleadings." Estate of Stark, 52 Ariz. 416, 419, 82 P.2d 894, 895 (1938). Therefore, with no transcript of the proceedings below and without the issue of the child's name being raised in the pleadings, we find that the question raised by the appellant as to whether the trial court had authority to order a change in the child's name is "debatable." Consequently, we hold that the appellee's failure to file a brief herein constitutes a confession of reversible error.

We reverse the judgment of the trial court solely in so far as the judgment orders that the child's "name shall be Bruce John Van Polen, Jr.," in all other respects the judgment is affirmed.

MOLLOY and KRUCKER, JJ., concur.

1. Since it is not before us on appeal we do not pass upon the propriety of the lower court's, after a final divorce judgment, compelling such changes as in the instant case. See A.R.S. § 25–321 and Stanley v. McKenzie, 29 Ariz. 288, 240 P. 1033 (1925).