NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ANTONY T. MURRELL, JR., *Petitioner/Appellant,*

*v.*

CHENIQUE SCOTT, *Respondent/Appellee.*

No. 1 CA-CV 18-0663 FC
FILED 10-3-2019

Appeal from the Superior Court in Maricopa County
No. FN2016-004057
The Honorable Kevin B. Wein, Judge

**AFFIRMED**

COUNSEL

Antony T. Murrell, Jr., Florence
*Petitioner/Appellant*

Chenique Scott, Mesa
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jennifer M. Perkins joined.

---

**M c M U R D I E**, Judge:

¶1          Antony Murrell, Jr. appeals from the superior court's order denying his motion to amend his divorce decree from his marriage to Chenique Scott. We affirm the superior court's decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Murrell and Scott married in June 2012 before Murrell was sentenced to prison in 2013. Upon release from prison in 2014, he discovered that Scott had remarried. In August 2016, Murrell petitioned for dissolution of marriage and requested $400 per month in spousal maintenance. He claimed entitlement to spousal support because Scott married another man while he was in prison. However, Murrell amended his complaint in December 2016, requesting no spousal maintenance and writing "I don't want nothing" on the amended complaint. Two weeks later, Murrell amended the complaint again, seeking $500 per month in spousal maintenance.

¶3          The couple jointly completed a consent decree of dissolution of marriage, which the court accepted in February 2017. In the decree, Murrell and Scott agreed neither party would receive spousal maintenance. On September 4, 2018, Murrell filed the latest of several motions to amend the decree requesting that he be awarded spousal support because Scott abandoned and neglected him while he was in prison.[1]

¶4          The superior court denied Murrell's motion to amend the consent decree. Murrell timely appealed, and we have jurisdiction under

---

[1]          Murrell makes two other requests in his briefs. First, he requests we reconsider our denial of his motion for default judgment. We deny his motion to reconsider. Next, he argues that we should arrest and prosecute Scott for committing bigamy and adultery. We deny that request because, among other reasons, we have no authority to do so.

Arizona Revised Statutes ("A.R.S.") sections 12-2101(A)(1), -120.21(A)(1), and Arizona Rule of Civil Appellate Procedure 9(a).

## DISCUSSION

**¶5**        A provision for spousal maintenance must be in the original decree of dissolution to give the court jurisdiction to modify spousal maintenance in the future. *Long v. Long,* 39 Ariz. 271, 274 (1931); *Birt v. Birt,* 208 Ariz. 546, 552, ¶ 26, n.6 (App. 2004); *see also Neal v. Neal,* 116 Ariz. 590, 592–93 (1977) (superior court may not use nominal awards to enable the court to retain jurisdiction to modify a maintenance award in the future). Here, the parties' consent decree did not contain an award of spousal maintenance. Therefore, the superior court did not have jurisdiction to modify the decree to include such an award.

**¶6**        We note that spousal maintenance is determined "without regard to marital misconduct." A.R.S. § 25-319(B); *cf. Oppenheimer v. Oppenheimer*, 22 Ariz. App. 238, 244 (1974) (fault may only be considered in awarding spousal maintenance under A.R.S. § 25-319(B)(11) if there is "[e]xcessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common"). Accordingly, the alleged misconduct could not be the basis for the court to award or modify spousal maintenance.

## CONCLUSION

**¶7**        For the foregoing reasons, we affirm the superior court's denial of the motion to amend the dissolution decree.



AMY M. WOOD • Clerk of the Court
FILED:  AA